UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0367-B |
| | § | |
| TINA WYNETTE EASLEY (46), | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Tina Wynette Easley's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(A)(1) (Doc. 3417). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

I.

BACKGROUND

Defendant Tina Wynette Easley pleaded guilty to one count of possession of a controlled substance with intent to distribute and aiding and abetting. Doc. 1823, Plea Agreement. On September 19, 2016, the Court sentenced her to 240 months of imprisonment, as well as three years of supervised release. Doc. 2941, J., 1–3. Easley is currently forty-eight years old, and she is serving her 240-month sentence at Carswell Federal Medical Center (FMC). Her scheduled release date is

-1-

November 15, 2032.[1] As of July 30, 2020, Carswell FMC has 362 positive cases of COVID-19.[2]

On July 20, 2020, Easley filed a motion seeking compassionate release under 18 U.S.C. § 3582. Doc. 3417, Def.'s Mot., 1. The Court addresses this motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Section 3582(c)(1)(A)'s exhaustion requirement is generally "a glaring roadblock foreclosing compassionate release[.]" *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020). Nonetheless, some "courts have concluded that [the exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at  https://www.bop.gov/inmateloc/.

[2] The Court accessed this statistic from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/.

COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring) (per curiam) (citations omitted).

### III.

### ANALYSIS

As explained below, the Court denies Easley's request because Easley has not exhausted her administrative remedies. Further, regardless of the exhaustion issue, Easley's motion presently fails to demonstrate extraordinary and compelling circumstances to warrant a sentence reduction under § 3582(c)(1)(A).

A.   *Easley Has Failed to Satisfy § 3582's Exhaustion Requirement.*

Easley has not provided proof along with her motion that she exhausted her administrative remedies. Easley states that she "deposited" her request to the warden of her facility on July 8, 2020. *See* Doc. 3417, Def.'s Mot., 2. However, she has not provided proof to verify that she did in fact make this request; nor does she provide any evidence that the warden responded to the request. Moreover, even if the Court takes Easley's argument at face value, she still cannot satisfy § 3582(c)(1)(A)'s exhaustion requirement as she has neither "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [her] behalf" or waited "30 days from the receipt of such a request by the warden" of her facility. § 3582(c)(1)(A).

Thus, Easley has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement, and the Court **DENIES** her motion **WITHOUT PREJUDICE** to re-filing upon satisfaction of the exhaustion requirement.[3]

---

[3] The Court recognizes that some district courts have excepted the exhaustion requirement under specific circumstances. *See United States v. Jackson*, 2020 WL 3455131, at *2 (N.D. Tex. June 5, 2020),

B.     *Irrespective of Exhaustion, Easley Has Not Shown Extraordinary Circumstances.*

Regardless of whether Easley exhausted her administrative remedies, Easley has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1.[4]

With the policy statement in mind, the Court concludes that Easley has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

In support of her request for compassionate release, Easley points out that COVID-19 is prevalent at Carswell FMC. Doc. 3417, Def.'s Mot., 6. Moreover, Easley explains that she suffers from diabetes, severe obesity, asthma, and chronic hip pain. *Id.* at 5. She has also contracted and been treated for Hepatitis C, but she is not currently experiencing any issues with this condition. *Id.* Finally, Easley has been diagnosed with chronic bronchitis and she had Pneumonia twice in 2011, although a recent healthcare provider notes that she is "not having problem[s] with her lungs at this time." *Id.* at 11. Easley argues that she is unable to receive adequate medical care at Carswell due to

---

*adopted by* 2020 WL 3452284 (N.D. Tex. June 24, 2020) (explaining the split between district courts on whether the exhaustion requirement may be waived). But the Court need not consider the propriety of such an exception here, because as explained in the Court's discussion of the merits of Easley's motion, Easley has not shown extraordinary and compelling reasons for release.

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. 1. Though the policy statement is not necessarily dispositive, *see United States v. Delgado*, 2020 WL 2542624, at *2 n.1 (N.D. Tex. May 19, 2020), the Court finds it useful here.

the severity of the COVID-19 outbreak at the facility. *Id.* at 6. She also asserts due to her medical conditions, she is at a higher risk of contracting COVID-19 and developing serious symptoms from such an infection. *Id.*

As a preliminary matter, the Court recognizes the unprecedented nature of COVID-19. Further, the Court acknowledges the rapid spread of COVID-19 throughout Carswell FMC, which has 362 active cases of COVID-19. *See supra* at 1 n.1. Based on the statistics, the Court understands Easley's fear of contracting the virus. But generalized concerns about the spread of COVID-19 at Easley's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements," such as the propriety of incarceration for all inmates at Carswell FMC. *See Delgado*, 2020 WL 2542624, at *3.

And turning to Easley's individual circumstances, Easley has not provided recent medical records to substantiate that she is currently suffering from health conditions that heighten her risk of developing serious symptoms from COVID-19. The only records she provides are from early 2019. Doc. 3417, Def.'s Mot., 11. Further, even if the Court considered these records to be sufficient, the Court is not convinced that her conditions constitute "extraordinary and compelling reasons" to justify her release. Easley is 48 years of age, and there is no indication that her current medical condition is unstable or deteriorating. She does not provide information regarding the BOP's current "care level" classification for her, or evidence that the BOP is not able to adequately manage her conditions given the current situation. Absent such evidence, the Court has no basis for concluding that Easley has established "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

Finally, even if extraordinary and compelling reasons warrant a sentence reduction, the Court

must consider the sentencing factors set out in § 3553(a), to the extent they are applicable. *See* § 3582(c)(1)(A). And the Court is not persuaded that these factors support Easley's request. Easley pleaded guilty to possession of a controlled substance with intent to distribute in exchange for the dismissal of two counts of the 61-count indictment. Doc. 2941, J., 1. At sentencing, Easley's total offense level was found to be 35. Doc. 2663-1, Presentence Report (PSR), 11. Her base offense level was 34, based on the amount of drugs in her possession. *Id.* She also received enhancements for possessing a firearm and maintaining a premises for the purposes of manufacturing and distributing a controlled substance. *Id.* Additionally, Easley was found to be a career offender as she had at least two prior felony convictions of either a crime of violence or a controlled substance offense. *Id.* at 12–15. Based on her offense level and criminal history category, the guideline imprisonment range was 292 to 365 months. *Id.* at 19. However, because the statutory maximum of 20 years was less than the minimum guidelines range, the guideline term of imprisonment became 240 months. *Id.* The Court sentenced Easley to the statutory maximum. Doc. 2941, J., 1. Easley has yet to serve even fifty percent of her 240-month term. Accordingly, the Court does not find that the § 3553(a) factors support Easley's request for a sentence reduction, as a reduction would not adequately reflect the seriousness of Easley's offense, "promote respect for the law," "provide just punishment," or "afford adequate deterrence." *See* § 3553(a). Nor do "the nature and circumstances of the offense" or "the history and characteristics of the defendant" support such a request. *Id.*

Thus, the Court **DENIES** Easley's motion **WITHOUT PREJUDICE** to re-filing.

IV.

CONCLUSION

Easley's request for compassionate release under § 3582(c)(1)(A) fails because she has not proven exhaustion of her administrative remedies. Moreover, Easley's present motion does not demonstrate extraordinary and compelling reasons for compassionate release. For both of these reasons, the Court **DENIES** her motion (Doc. 3417) **WITHOUT PREJUDICE**.

By denying Easley's motion without prejudice, the Court permits Easley to file a subsequent motion for compassionate release in the event she can both: (1) satisfy the exhaustion requirement, and (2) provide information supporting a finding of extraordinary and compelling reasons for release.

**SO ORDERED.**

**SIGNED:** July 31, 2020.

*[signature]*
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE